UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61609-CIV-ALTONAGA/BROWN

FLORIDA ESTATE HOME BUILDERS, LLC,

Plaintiff,

v.

CHEVY CHASE BANK, F.S.B.,

Defendant.

**DEFENDANT'S MOTION TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, CAPITAL ONE, N.A., successor by merger to CHEVY CHASE BANK, F.S.B., ("Chevy Chase") pursuant to Fed. R. Civ. P. 12(b)(6), as well as Local Rule 7.1, hereby files this Motion to Dismiss Count IV of Plaintiff's, FLORIDA ESTATE HOME BUILDERS, LLC, Complaint and Incorporated Memorandum of Law, and states as follows:

1. On or about August 27, 2009, Plaintiff filed this action in the 17th Judicial Circuit, in and for Broward County, Florida against Chevy Chase, alleging breaches of Fla. Stat. § 713.3471, fraud, negligent misrepresentation, the Florida Deceptive and Unfair Trade Practices Act, and unjust enrichment relating to a loan agreement by and between Chevy Chase and the property owner who had purportedly retained Home Builders to construct a home.

2. The loan agreement was entered into on or about September 25, 2006. (Complaint at ¶ 10).

4826-0557-3380.1
41819/0008

3.	In Count IV, Plaintiff raises claims for purported violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Count IV should be dismissed as Chevy Chase is exempt from the provisions of FDUTPA pursuant to Florida Statute § 501.212(4)(c).

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

### A.	Chevy Chase is Exempt From the Provisions of FDUTPA.

Florida Statute § 501.212(4)(c) expressly exempts "banks or savings and loan associations regulated by federal agencies" from the provisions of Florida Statute § 501.201 et. seq. In *Banker's Trust Company v. Basciano*, 960 So.2d 773, 778 (5th DCA 2007), the Court confirmed that FDUTPA does not apply to banks and savings and loan associations regulated by the state or the federal government." In fact:

> FDUTPA clearly excludes banks from its grasp. When a statute is free from ambiguity, we follow its plain meaning. A clear and unambiguous statute that conveys a clear and definite meaning causes no reason to resort to the rules of statutory interpretation; we must simply give the statute its plain and obvious meaning. *Cliens v. State*, 912 So.2d 550, 555-56 (Fla. 2005). Here the statute unambiguously excludes banks."

*Id.* at 779. Chevy Chase was, at the time the alleged causes of action accrued, a federal savings bank and is today a national bank, both of which are exempt from liability under FDUTPA. Thus, Counts IV of Plaintiff's Complaint is barred and must be dismissed with prejudice.

## CONCLUSION

Based upon the foregoing, Count IV of Plaintiff's Complaint should be dismissed with prejudice.

> BROAD AND CASSEL
> Attorneys for Chevy Chase
> 1 North Clematis Street, Suite 500
> West Palm Beach, FL 33401
> Telephone: (561) 832-3300
> Facsimile: (561) 655-1109
> E-mail: sellison@broadandcassel.com
>
> By: /s/ Steven Ellison
> STEVEN ELLISON
> Florida Bar No. 510319

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 8, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on: **Harold E. Patricoff, Esq. and John W. Bustard, Esq.**, Shutts & Bowen LLP, 1500 Miami Center, 201 S. Biscayne Blvd., Miami, FL 33131 via transmission of Notices of Electronic Filing generated by CM/ECF and via regular U.S. mail.

> BROAD AND CASSEL
> Attorneys for Chevy Chase
> 1 North Clematis Street, Suite 500
> West Palm Beach, FL 33401
> Telephone: (561) 832-3300
> Facsimile: (561) 655-1109
> E-mail: sellison@broadandcassel.com
>
> By: /s/ Steven Ellison
> Florida Bar No. 510319